PETERSON, Judge.
Appellants appeal the appointment of Joyce Fraser as guardian of the property of appellants’ uncle, an incapacitated person. Fraser was a friend of the ward and the ward’s deceased wife for ten years. Fraser was also the personal representative and testamentary trustee under the will of the ward’s deceased wife. The ward was the sole life beneficiary under the terms of the testamentary trust, and Fraser was the sole residuary beneficiary. Appellants argued below that the appointment created a conflict of interest in that Fraser would be acting against her own pecuniary interest when faced with the decision as guardian whether to petition the *402 court for an elective share and a family-allowance for the ward pursuant to sections 732.201 and 732.403, Florida Statutes, against the deceased wife’s estate. We agree. Section 744.309(2), Florida Statutes (1989), prohibits the appointment of a non-relative of the ward as the guardian in any circumstance in which a conflict of interest may occur.
Since neither the appellants nor the ward objects to the appointment of Fraser as guardian of the person, we vacate only that portion of the order that appoints Fraser as guardian of the property. Since appellants have conceded that neither they nor their attorney should be appointed as guardian of the ward’s property, we remand and instruct the trial court to appoint some other qualified person or institution to act as guardian of the ward’s property.
VACATED in part and REMANDED.
DAUKSCH and COBB, JJ., concur.