POLEN, Judge.
This is a petition for writ of prohibition and/or certiorari in which the petitioner Margaret Murphey, ward of a guardianship, seeks relief from two Palm Beach Circuit Court probate orders. The first order petitioner challenges is dated April 6, 1993. It provided that her private counsel, Attorney Hubert Shenkin, was not authorized to prosecute an appeal of an earlier trial court order, was not authorized to be paid by the guardianship of the ward for the appeal, and was not authorized to retain separate counsel for the appeal. The second order, dated April 8,1993, authorized the guardian to take certain depositions of witnesses pending an appeal in this court.
That pending appeal was in this court’s case No. 93-0644, in which the ward appealed a trial court order authorizing the guardian to file a lawsuit on her behalf to rescind a deed. That appeal also included a challenge to an order in which the trial court denied rehearing of the first order. This court has dismissed the appeal for lack of subject matter jurisdiction by order dated May 6, 1993. We deny prohibition as to both orders which are the subject of this petition, and deny certiorari as to the April 8, 1993, order. We grant certiorari and quash the order of April 6, 1993.
Petitioner Margaret Murphey is ward of a guardianship before the Palm Beach Circuit Probate Court. Her sole living heir is her 85 year old brother, Dr. S. Alton Dallgaard. In July of 1991, Margaret deeded to herself a life estate in her house, and conveyed the remainder to a Mr. Louis Adinolfi and heirs. He was her long-time friend. In May of 1992, a guardianship proceeding commenced involving the person and property of Margaret as ward. Attorney Hubert Shenkin was appointed on May 18, 1992, to represent her. He was the same attorney who had drafted the deed and a will for Margaret. The respondent here, Catholic Charities of the Diocese of Palm Beach, Inc. (Catholic Charities), was appointed temporary guardian of the petitioner/ward’s person and property. Peti *593 tioner was declared to be incapacitated due to senile dementia on June 29, 1992. Catholic Charities was appointed permanent guardian.
According to petitioner, Catholic Charities filed an objection to proceedings to determine the remainder interest in the Murphey property in Louis Adinolfi’s estate action, in which it challenged the validity of Margaret’s deed. Margaret’s court-appointed attorney Shenkin objected to this in the Murphey guardianship proceeding, and requested that the probate court appoint a monitor to determine whether it was in the best interest of ward Margaret to proceed with litigation to rescind the deed. Petitioner claims that the probate court denied this motion to appoint court monitor. We have no record of an appeal or petition challenging this order.
Next, the guardian filed a petition for authorization to file an action to rescind the deed in the guardianship case. The petition was based on claims of undue influence by Adinolfi, and incompetence of the ward Margaret. Attorney Shenkin opposed the petition, filing a brief in opposition. In it, he argued that it was not in Margaret’s best interests to rescind the deed, that a potential conflict of interest existed in the guardian’s prosecution of the rescission petition, and other grounds. On or about January 29, 1993, the court entered an order allowing the petition to rescind to proceed and followed it with an order of February 24, 1993, denying rehearing. Those orders were the subject of the prior appeal to this court, which has been dismissed for lack of subject matter jurisdiction.
The guardian next moved for “instructions,” challenging Attorney Shenkin’s right to appeal and to retain appellate co-counsel. The trial court entered the subject April 6, 1993, order on petition for instructions, in which it ruled that Mr. Shenkin was not authorized to prosecute an appeal of the January 29, 1993, order on behalf of the ward Margaret, was not authorized to be paid by the guardianship for the appeal, and was not authorized to retain appellate co-counsel. The court then vacated its earlier May 18, 1992, order appointing Mr. Shenkin as counsel for Margaret. The order provided: “Her appointed guardian is responsible for the representation of her best interests.”
Just two days later, the court entered its April 8, 1993, order granting the motion by Catholic Charities to perpetuate testimony pending the appeal to this court of the January 29,1993 order. Both of these orders are the subject of this petition.
In our view, prohibition does not lie in this case because the probate judge was not divested of jurisdiction to enter the April 1993 orders, or any other future orders. The January 29, 1993, order, and the order denying rehearing from it, were not appealable and therefore did not remove the court’s jurisdiction. We deny prohibition as to both orders.
Certiorari lies from the April 6, 1993, order, since it is a nonfinal order involving matters for which there may be no adequate remedy on plenary appeal. The orders removing counsel could be compared to orders disqualifying counsel, over which Florida courts do exercise certiorari review. See, e.g., Miller v. Reinhart, 497 So.2d 1332 (Fla. 4th DCA 1986).
Before we address the April 6, 1993, order further, we will briefly dispose of the second, April 8, 1993, order. That one does not satisfy the requirement for certiorari review that it pose irreparable harm not capable of remedy on plenary appeal. The order simply allows certain witnesses to be deposed pending an appeal in this court, which happens to have been dismissed. Petitioner has not demonstrated irreparable harm or the lack of an adequate remedy on appeal. We deny the petition for certiorari as to this order.
Returning to the April 6 order, petitioner’s argument is that the order denies her right to counsel in the proceedings in the trial court. Petitioner claims that the trial court’s order violates section 744.3216, Florida Statutes (1991), which provides in part:
(1) A person who has been determined incapacitated retains the right:
[[Image here]]
(k) To have access to the courts.
(Z) To counsel.
*594 However, petitioner fails to acknowledge that this same statute provides that a party declared incapacitated may have removed from him or her the right to sue and defend lawsuits.
Section 744.3215, Florida Statutes (1991), provides in subsection (3):
(3) Rights that may be removed from a person by an order determining incapacity and which may be delegated to the guardian include the right:
[[Image here]]
(b) To sue and defend lawsuits.
The question then becomes whether, and under what circumstances, the court can remove a ward’s court-approved counsel and delegate the right to representation to the guardian. In this case, the question is whether the trial court departed from the essential requirements of law when it effectively removed Attorney Shenkin and his associates or retained co-counsel from representation of the petitioner ward in her appeal and vacated his prior appointment as counsel for her in the guardianship proceedings.
Petitioner’s argument is that it was error for the court to remove her counsel and appoint Catholic Charities, her guardian, to represent her interests, when it had an adversarial position to her with regard to rescission of her deed. Also, petitioner argues that the court effectively denied her access to the courts and her right to appeal the January 29 order when it removed her counsel for the appeal and withdrew his authorization to appeal on her behalf. Petitioner argues that the trial court placed the responsibility for her representation in the hands of an adversary, creating a conflict of interest between guardian and ward.
In Glatthar v. Hoequist, 600 So.2d 1205 (Fla. 5th DCA 1992), the fifth district found a conflict of interest between the ward’s desires as strongly expressed to her prior attorney regarding her testamentary plan and disposition of her properties, and the powers given to the plenary guardian to deal with the ward’s properties. The court said that in these circumstances, a plenary guardian probably should not have been appointed, since section 744.309(3), Florida Statutes (1991) provides in part that: “The court may not appoint a guardian in any other circumstance in which a conflict of interest may occur.” However, since the parties were not challenging the order of appointment of plenary guardian, the court did not pursue that any further. [The same is true here. Petitioner does not challenge the order appointing Catholic Charities guardian.]
The important aspect of this decision is that it found the best way to resolve the conflict presented was to remand to the lower court for further proceedings. The fifth district said that the judge should appoint a guardian ad litem to represent the ward to determine whether or not the plenary guardian has a conflict of interest to such a degree that he should be removed as guardian and an impartial successor appointed in his place. If no compelling conflict is found to exist, the fifth district suggested that the lower court could then appoint a court monitor, pursuant to section 744.107, to report to the court and guardian ad litem as to whether or not any exercise of power pursuant to section 744.441 was advisable and in the ward’s best interests.
In our view, a similar approach is warranted in this ease. Just as the Glatthar court reversed and remanded, we quash the April 6, 1993, order removing Shenkin as counsel and his authority to engage appellate co-counsel if necessary, and remand for further proceedings to determine whether the guardian and ward have a conflict of interest. We direct the lower court to appoint a guardian ad litem to determine whether Catholic Charities should be removed as guardian; it may also wish to appoint a court monitor to report to the court and guardian ad litem as to whether Mr. Shenkin’s involvement in litigation to rescind the deed is advisable and in the ward’s best interests. (We are troubled by the question of whether Mr. Shenkin is, or should be, an “interested party” in these proceedings.)
That portion of petitioner’s argument that she was denied the right to appeal is rejected, since her purported appeal was from a nonappealable order. However, that does not take away from our conclusion that the trial court departed from the law in the April *595 6, 1993, order for the other reasons set forth above. We grant certiorari and quash the order of April 6, 1993, and remand for further proceedings consistent with this opinion.
DELL, C.J., and HERSEY, J., concur.
BY ORDER OF THE COURT:
ORDERED that respondent’s motion filed November 22, 1993, for rehearing and rehearing en banc is hereby denied. See Polyglycoat Corporation v. Hirsch Distributors, Inc., 442 So.2d 958 (Fla. 4th DCA 1983) on rehearing at page 960; further,
ORDERED that respondent’s request filed November 22, 1993, to take judicial notice is hereby denied.