724 So.2d 582 (1998)
Sheldon RUSSAKOFF, Petitioner,
v.
STATE of Florida, DEPARTMENT OF INSURANCE, as receiver for Sunrise Healthcare Plan, Inc., Respondent.
No. 98-642.
District Court of Appeal of Florida, First District.
October 21, 1998.
Rehearing Denied January 29, 1999.
Raoul G. Cantero, III and Jeffrey W. Blacher, of Adorno & Zeder, P.A., Miami, for Petitioner.
Dennis K. Threadgill and C. Timothy Gray, State of Florida, Department of Insurance, Division of Rehabilitation and Liquidation, for Respondent.
PER CURIAM.
Appellant challenges the order of the trial court disqualifying his legal counsel because of a conflict of interest. Finding that the record does not support the decision, and thus departs from the essential requirements of law, we reverse, but without prejudice for the trial court to reconsider the matter at a later time after creation of a fuller factual record.
*583 Appellant was the chief executive officer and sole shareholder of a health maintenance organization called Sunrise Healthcare Plan, Inc. (Sunrise). When Sunrise encountered severe financial difficulties, appellant took out a loan in his own name and paid $1.6 million into the corporation. Not long thereafter, and shortly before the Department of Insurance formally commenced receivership proceedings against Sunrise, its board of directors voted to pay appellant a salary of $780,000 annually, to pay him $250,000 retroactively in addition to the salary, and to permit him to take up to $400,000 out of the corporation.
After the Department took control of Sunrise as receiver, it commenced this proceeding against appellant to recover $612,500 on behalf of the corporation, which it alleged was paid by Sunrise to appellant. Appellant hired as his legal counsel a lawyer from the firm of Adorno & Zeder, who also had been outside counsel for Sunrise. The department moved to disqualify counsel, arguing that Adorno & Zeder could not represent a new client, appellee, in an action against its former client, Sunrise.
Appellant countered that the lawyer representing him in this matter was not one of the three who had represented Sunrise, and that, as sole stockholder of the corporation, any lawyer he hired would have the same insiders' perspective as previous counsel from Adorno & Zeder. In addition, appellant argued that the Adorno & Zeder lawyers would have no relevant testimony to give that appellant himself could not also give. Moreover, he noted that the Sunrise that is in receivership is a different entity than it had been when it was a going concern, and exists presently not as an HMO, but only to pay off creditors. Finally, appellant urged that Adorno & Zeder had never represented Sunrise in this matter, which was brought by the Department.
The trial court granted the Department's motion, finding that the law firm had represented Sunrise in a related matter, and that, moreover, the Department would certainly call as witnesses the lawyers who had advised Sunrise regarding this matter.
We believe that the trial court was premature in its ruling, in that certain crucial facts have not yet been established that would determine whether appellant should be required to hire new counsel. Thus, the order departs from the essential requirements of law. See Ford Motor Co. v. Edwards, 363 So.2d 867 (Fla. 1st DCA 1978).
Disqualification of a lawyer for conflict of interest is an extraordinary remedy to be resorted to only sparingly. Fleitman v. McPherson, 691 So.2d 37 (Fla. 1st DCA 1997). When the claim is that an individual lawyer has a conflict of interest, the moving party must first show that there was an attorney-client relationship; if this fact is established, an irrefutable presumption arises that confidences were disclosed to the attorney during the course of that relationship. If the moving party then shows that the current subject matter is the same, or is substantially related to, the matter in which the lawyer represented the former client, the lawyer should be disqualified. Zarco Supply Co. v. Bonnell, 658 So.2d 151 (Fla. 1st DCA 1995).
Disqualification of an entire law firm is a somewhat less straight-forward proposition, however, and it appears that even when a lawyer will have to testify in a trial regarding a former client, the law firm will not necessarily be disqualified. For example in Fleitman this court permitted a law firm to represent a client even though a member of the firm would have to testify at trial. 691 So.2d at 38.
Rule 4-3.7 of the Rules Regulating the Florida Bar states, in pertinent part:
A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by rule 4-1.7 or 4-1.9.
Rule 4-1.9 of the Rules Regulating the Florida Bar, states:
A lawyer who has formerly represented a client in a matter shall not thereafter:
(a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former *584 client unless the former client consents after consultation; or
(b) use information relating to the representation to the disadvantage of the former client except as rule 4-1.6 would permit with respect to a client or when the information has become generally known.
Thus, the fact that there was an attorney-client relationship between Sunrise and Adorno & Zeder would automatically disqualify those individual lawyers from working on matters that they handled or were directly related to matters that they handled. Other lawyers in the firm, however, would be disqualified only if any Adorno & Zeder lawyer would be called at trial, or if confidences would be exchanged that would disadvantage the State. (Although there is nothing in the record to so indicate, we assume that the lawyers that represented Sunrise have been isolated from the present litigation.)
The trial court correctly found that there was an attorney client relationship between the lawyers who actually represented Sunrise, and moreover that Sunrise was the same entity before and after the receivership. The trial court also correctly recognized that the crucial factor here is the nature of Adorno & Zeder's participation, if any, in the board of directors' decision to pay appellant. If the firm gave no advice to appellant, or some other officer or employee, regarding that decision, then it is unlikely that there would be any relevant testimony for counsel to give. On the other hand, if Adorno & Zeder lawyers did consult on this issue, the State may have established that the former representation was on the same or substantially the same matter.
It is not clear from the record presently, however, that the action to recover those funds is the same as or substantially related to any matter upon which Adorno & Zeder advised Sunrise. Moreover, while it is inferential that the Adorno & Zeder lawyers working on the Sunrise account might have relevant testimony to give at trial, that fact is not irrefutable from the record. At the time the trial court made its decision, discovery had not yet been conducted, and it was not certain to what level and upon what specific matters Adorno & Zeder's lawyers participated in the previous proceeding and to what extent they would have to testify.
At the hearing, the Department documents showed that Adorno & Zeder had had conferences with Sunrise officers regarding the Department's examination prior to the receivership proceedings being instituted, and had received documents relating to the decision to suspend appellant's salary payments. The trial court assumed that Adorno & Zeder had prepared or reviewed these documents, a contention disputed, at least in part, by appellant's counsel and belied by the record itself.
One of the documents in question is a fax faxed to Michael Camilleri, one of the Adorno & Zeder lawyers working on the receivership matter, on June 20, 1997, consisting of draft notices that certified the dates upon which Sunrise's board had adopted the resolution to begin paying appellant, April 14, 1997, and the date that the board had rescinded such payments, June 2, 1997. The fact that these drafts concern matters that had happened in the past does not demonstrate that the board sought the law firm's advice, before making the resolutions that permitted appellant to draw funds from the corporation.
The other document is a billing record from the law firm, which shows that Mr. Camilleri had a telephone conference of approximately 48 minutes with appellant and the individual who sent him the fax on the day it was sent, June 20. It is perhaps inferential that the resolutions were the subject of the conference, but even if they were, such a fact would not necessarily establish that the law firm had been consulted about the decision to begin paying appellant, which had been made some two months earlier.
These materials are inconclusive, at best, and may prove to be utterly irrelevant to the issue. Thus, the trial court's reliance upon them was misplaced. There is no other document in the record that would support the trial court's conclusion.
If the firm's lawyers will be called as witnesses, the trial court will have to review its decision that the present case is the same or is substantially related to any previous matter the firm handled for Sunrise. As the *585 case comes to this court, however, it is not certain that Adorno & Zeder advised Sunrise regarding the decision to pay appellant, and in the absence of that fact being established, a conclusion that lawyers from the firm would have to testify is no more than speculation.
We also caution that this opinion should not be read to restrict the trial court's inquiry to the issue of whether Adorno & Zeder lawyers advised Sunrise on the same or a substantially related matter. For example, as noted above, it is unclear whether the firm gained any inside information during the representation of Sunrise, that would not be available via appellant himself, which could be used by the law firm to the State's disadvantage.
The writ of certiorari is granted, the order disqualifying counsel is quashed, and the matter remanded to the trial court for further proceedings consistent with this opinion.
MINER and WEBSTER, JJ., and SMITH, LARRY G., Senior Judge, concur.