728 So.2d 825 (1999)
BOCA INVESTORS GROUP, INC., Petitioner,
v.
Irwin POTASH, Stanley Cohen, Alexander Brodt, Ray Larsen, Suzanne Bosze, Bruce Youner, Murray Norkin, David Paresky, Ira Ostrow, Joe Slotnick, Arnold Broser, Robert E. Torter and Richard Voell, Respondents.
No. 99-204.
District Court of Appeal of Florida, Third District.
March 24, 1999.
Richman, Greer, Weil, Brumbaugh, Mirabito & Christensen and Gerald F. Richman and Gary S. Betensky and Joseph F. Hession, Miami, for petitioner.
Shapo, Freedman & Bloom and David A. Freedman; Gilbert A. Haddad, Coral Gables, for respondents.
Before SCHWARTZ, C.J., and GREEN and FLETCHER, JJ.
SCHWARTZ, Chief Judge.
The trial court disqualified the plaintiffs counsel because he held a presuit meeting with representatives of the defendants. The order was entered notwithstanding an unresolved conflict as to whether the meeting was essentially a "job interview" which concerned only the lawyer's abilities to serve as their counsel in the upcoming litigationwhich would not require disqualification; or also included discussion of the legal matters involved in the case, resulting in an attorney-client relationship and thus an irrefutable presumption that confidences were disclosedwhich would. See State Farm Mut. Auto. Ins. Co. v. K.A.W., 575 So.2d 630 (Fla. 1991); Keir v. State, 152 Fla. 389, 11 So.2d 886 (1943); see also Garner v. Somberg, 672 So.2d 852 (Fla. 3d DCA 1996). Because an evidentiary hearing is required to resolve this decisive issue, School Brd. of Broward Co. v. Polera Building Corp., 722 So.2d 971 (Fla. 4th DCA 1999); see Sears, Roebuck & Co. v. Stansbury, 374 So.2d 1051 (Fla. 5th DCA 1979); Holland v. Tenenbaum, 360 So.2d 493 (Fla. 4th DCA 1978), the order of disqualification is quashed with directions for the trial court to conduct that hearing and *826 for further appropriate proceedings thereafter.
Certiorari granted.