741 So.2d 1254 (1999)
SIMON DeBARTOLO GROUP, INC., a foreign corporation, Petitioner,
v.
Emma Jean BRATLEY and Frank Bratley, her husband, Respondents.
No. 99-776.
District Court of Appeal of Florida, First District.
October 6, 1999.
Sharon Lee Stedman, Orlando and Jack D. Luks of Luks, Koleos & Santaniello, P.A., Ft. Lauderdale, for Petitioner.
Richard R. Alexander of Coker, Myers, Schickel, Sorenson, Higginbotham & Green, P.A., Jacksonville, for Respondents.
BROWNING, J.
This cause is before us on a petition for writ of certiorari from the trial court's ruling that the law firm of Coker, Myers, Schickel, Sorenson, Higginbotham & Green, P.A. (Coker, Myers), has no conflict of interest and is not disqualified from representing Respondents in the proceedings below. Petitioner argues that the trial court departed from the essential requirements of law by reaching its conclusion without conducting an evidentiary hearing. We agree.
A hearing was held on a motion to determine conflict, and it was undisputed that an attorney-client relationship existed between Petitioner and Coker, Myers. However material issues were in dispute, which were addressed only by the unsworn argument of counsel. Once an attorney-client relationship is established, an irrefutable presumption arises that confidences were disclosed during the course of the relationship. Russakoff v. Dep't. of Insur., 724 So.2d 582, 583 (Fla. 1st DCA 1998). However, before an attorney can be disqualified, the former client must show that the current subject matter is the same as, or is substantially related to, the *1255 matter in which the attorney represented the former client. Id. When an attorney's disqualification is at issue and material facts are in dispute, an evidentiary hearing is required. Boca Investors Group, Inc. v. Potash, 728 So.2d 825 (Fla. 3d DCA 1999); Sch. Bd. of Broward County v. Polera Building Corp., 722 So.2d 971 (Fla. 4th DCA 1999). Because there is a dispute as to whether Coker, Myers represented Petitioner in a matter that is substantially related to the instant case, the trial court departed from the essential requirements of law in failing to hold an evidentiary hearing before concluding there was no conflict. We grant the petition for writ of certiorari and remand for further proceedings.
WOLF and DAVIS, JJ., CONCUR.