777 So.2d 1005 (2000)
Norman C. VICK, Petitioner,
v.
Wilma G. BAILEY and Bessie, B. Lamont, Respondents.
No. 2D00-1116.
District Court of Appeal of Florida, Second District.
December 20, 2000.
*1006 Herb Fiss, Tampa, for Petitioner.
Peter J. Kelly and Jodi L. Corrigan of Annis, Mitchell, Cockey, Edwards & Roehn, P.A., Tampa, for Respondent, Wilma G. Bailey.
LeRoy H. Merkle, Jr., of LeRoy H. Merkle, Jr., P.A., Tampa; and Lisa A. Hoppe of Wetherington, LeFloch & Hamilton, P.A., Tampa, for Respondent, Bessie B. Lamont.
PER CURIAM.
Petitioner Norman C. Vick,[1] through his attorney Herb Fiss, seeks certiorari review of a trial court order granting the joint motion to disqualify Fiss filed by respondents, Wilma G. Bailey and Bessie B. Lamont. For the reasons discussed below, we grant the petition.
Bailey commenced guardianship proceedings for her mother, Lamont (the "Ward"), by filing a petition for appointment of a plenary guardian. A three-member examining committee found the Ward to be fully incapacitated with respect to the management of her property and partially incapacitated with respect to the management of her person. The trial court appointed Lisa A. Hoppe as plenary guardian of the property of the Ward and as a limited guardian of her person.
During the proceedings to determine her capacity, the Ward was represented by court-appointed counsel, Patricia King. King was appointed on May 12, 1998. On June 25, 1999, Fiss filed a notice of appearance as counsel for the Ward and a suggestion of capacity. Fiss subsequently filed an amended suggestion of capacity in which he identified his clients as "the Ward and/or Norman C. Vik." Vick claimed to be an interested person in the proceedings under section 744.464, Florida Statutes (1999), as a result of his being a close friend and neighbor of the Ward. Section 744.464(2)(a) provides, in part, that "[a]n interested person, including the Ward, may file a suggestion of capacity."
Later in the proceedings, the court appointed LeRoy Merkle as successor to King as counsel for the Ward. The court ordered the Ward and her counsel, and the Ward's children and their counsel, to mediation. Vick was not permitted to attend the mediation. However, on the day of the mediation, Fiss filed a handwritten notice of limited appearance on behalf of Harold T. Lamont, the Ward's son.
Respondents thereafter filed a joint motion to disqualify Fiss. Respondents argued that Fiss could not represent parties with conflicting interests in the same proceeding. Respondents asserted that Fiss, counsel for Vick, was actively participating in proceedings with respect to the competency and scope of competency of the very party (the Ward) which he claimed to have previously represented. The trial court granted the motion to disqualify. The trial court ruled that Fiss was disqualified from further representation of any party in this *1007 proceeding. Vick seeks review of this ruling.
Orders disqualifying counsel are generally reviewable by certiorari. See Carnival Corp. v. Romero, 710 So.2d 690 (Fla. 5th DCA 1998). Disqualification of a party's counsel is an extraordinary remedy and should be resorted to sparingly. Id. Disqualification is appropriate where the representation will deprive the other party litigants of an impartial forum. Id.; see State Farm Mut. Auto. Ins. Co. v. K.A.W., 575 So.2d 630 (Fla.1991) (holding legal system cannot function fairly or effectively if an attorney has an informational advantage in the form of confidences resulting from a conflict of interest).
This case is somewhat unique; it does not involve a situation where Fiss represented a specific party in a prior case and then sought to represent an adversarial party in a subsequent case where both cases involved the same or a substantially related matter. See Simon DeBartolo Group, Inc. v. Bratley, 741 So.2d 1254, 1255 (Fla. 1st DCA 1999) (holding trial court departed from essential requirements of law in failing to hold evidentiary hearing before concluding there was no conflict on question of whether counsel previously represented petitioner in matter substantially related to instant case). Likewise, it does not involve a situation where the guardian and the Ward's court-appointed attorney have a potential conflict of interest. See In re: Guardianship of Murphey, 630 So.2d 591 (Fla. 4th DCA 1993) (quashing order removing court-appointed counsel for ward and appointing guardian to represent ward's interests and remanding to determine whether guardian and ward had conflict of interest).
Here, Fiss sought to represent several parties, including the Ward. Each of these parties sought to establish the Ward's capacity. We conclude that no conflict existed in the positions being advocated by the parties Fiss represented. The Ward has a right to be restored to capacity at the earliest possible time and to have continuing review of the need for restriction of her rights. See § 744.3215(1)(b), (c), Fla. Stat. (2000). The Ward and any "interested person," which Vick asserts that he is, may file a suggestion of capacity. § 744.464(2)(a).
The only conflict that existed in this proceeding was between Fiss and the Ward's court-appointed attorney; that conflict existed because the Ward's court-appointed attorney did not seek to establish the Ward's capacity. We do not deem this conflict sufficient to require Fiss' disqualification from representing Vick in this proceeding absent a finding by the trial court, made after an evidentiary hearing, that Fiss' continued representation of Vick would somehow deprive the other parties to this proceeding of an impartial forum due to his filing a suggestion of capacity on behalf of the Ward. See Carnival Corp., 710 So.2d at 692; Dawson v. Bram, 491 So.2d 1275 (Fla. 2d DCA 1986) (holding purpose of evidentiary hearing is to determine whether one party has unfair advantage over the other that can only be eliminated by removing the attorney).
We, accordingly, grant the petition, quash the order under review, and remand this case to the trial court to conduct further proceedings in accordance with this opinion.
CAMPBELL, A.C.J., and BLUE and STRINGER, JJ., Concur.
NOTES
[1] His name was spelled Norman C. Vik in the trial court proceedings.