DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DOLORES BALABAN,**
Petitioner,

v.

**PHILIP MORRIS USA INC.** and **R.J. REYNOLDS TOBACCO COMPANY,**
Respondents.

No. 4D17-2479

[January 10, 2018]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John J. Murphy, III, Judge; L.T. Case No. 14-24204(19).

Juan P. Bauta, II, and James L. Ferraro of The Ferraro Law Firm, Miami, for petitioner.

Frances Daphne O'Connor and Geoffrey J. Michael of Arnold & Porter Kaye Scholer LLP, Washington, DC, for respondent Philip Morris USA Inc.

Jason T. Burnette of Jones Day, Atlanta, GA, for respondent R.J. Reynolds Tobacco Company.

PER CURIAM.

Dolores Balaban seeks certiorari review of a trial court order granting a motion to disqualify the Ferraro Law Firm ("the Ferraro firm") from representing her in a pending civil action against Philip Morris USA, Inc. (PM USA) and R.J. Reynolds Tobacco Company (RJR). Certiorari lies to review this order denying disqualification. *Philip Morris USA Inc. v. Caro*, 207 So. 3d 944, 949 (Fla. 4th DCA 2016).

The trial court granted the motion based on this Court's recent decision in *Caro*, where we quashed a trial court order denying PM USA's motion to disqualify the Ferraro firm and its attorney Paulo Lima ("Attorney Lima"). *Id.* at 951. However, the circumstances in this case distinguish it from *Caro* and compel a different analysis altogether, including application of a different provision of the Rules Regulating the Florida Bar. Thus, the trial court departed from the essential requirements of law in finding *Caro* dispositive.

The court also departed from the essential requirements of law in failing to make the required findings of fact under the correct rule and on the issue of RJR's standing to join in the motion to disqualify. We grant the petition, quash the trial court's order, and return the case to the trial court for further proceedings consistent with this opinion.

Briefly stated, petitioner sued PM USA, RJR, and other defendants in 2014 in one of many *Engle*[1] progeny cases involving cigarette smokers who suffered injury or died as a result of smoking. PM USA moved to disqualify Attorney Lima and the Ferraro firm from representing petitioner, alleging that Attorney Lima had previously represented PM USA while employed by Hunton & Williams, LLP ("the Hunton firm"). The motion to disqualify included allegations that Attorney Lima billed more than 1,500 hours on PM USA matters including more than 1,300 hours defending PM USA in smoking and health litigation while working at the Hunton firm, with nearly 375 hours spent specifically on *Engle* tobacco-related issues. PM USA also alleged Attorney Lima had access to PM USA's litigation databases and had reviewed its internal documents, including those that were highly confidential and privileged. PM USA therefore claimed Attorney Lima and the Ferraro firm had an impermissible conflict of interest precluding representation of petitioner as the plaintiff in this case against it. RJR joined in the motion.

The motion cited Rule Regulating The Florida Bar 4-1.10(b) on imputation of conflicts of interest, which provides as follows:

> **(b) Former Clients of Newly Associated Lawyer**. When a lawyer becomes associated with a firm, the firm may not knowingly represent a person in the same or a substantially related matter in which that lawyer, or a firm with which the lawyer was associated, had previously represented a client whose interests are materially adverse to that person and about whom the lawyer had acquired information protected by rules 4-1.6 and 4-1.9(b) and (c) that is material to the matter.

Petitioner pointed out in her opposition to this motion that Attorney Lima had left employment with the Ferraro firm shortly before the motion to disqualify was filed in this case. She argued that this event distinguished the facts in this case from those in *Caro*. In *Caro*, this Court applied Rule 4-1.10(b) and concluded that the movant, PM USA, had demonstrated that Attorney Lima had actual knowledge of material confidential information. *Caro*, 207 So. 3d at 950. We then ruled that the plaintiff's attorney in that

---

[1] *Engle v. Liggett Grp., Inc.*, 945 So. 2d 1246 (Fla. 2006).

case had not met the burden to prove that Attorney Lima had not actually acquired such information.  *Id.* at 950–51.

Petitioner argued that because Attorney Lima was no longer associated with the Ferraro firm at the time the motion to disqualify was filed, this was no longer a case involving a former client of a newly associated lawyer. Rather, the case now involved the client of a formerly associated lawyer and therefore Rule 4-1.10(c) controlled.  That Rule, in turn, provides as follows:

> **(c) Representing Interests Adverse to Clients of Formerly Associated Lawyer.**  When a lawyer has terminated an association with a firm, the firm is not prohibited from thereafter representing a person with interests materially adverse to those of a client represented by the formerly associated lawyer unless:
>
> (1) the matter is the same or substantially related to that in which the formerly associated lawyer represented the client; and
>
> (2) any lawyer remaining in the firm has information protected by rules 4-1.6 and 4-1.9(b) and (c) that is material to the matter.

R. Regulating Fla. Bar. 4-1.10(c).  Petitioner contended that the Ferraro firm could not be disqualified under this Rule unless the firm had PM USA's or RJR's confidential, material information.  She presented deposition testimony and affidavits stating that no confidential information from Attorney Lima's previous work at the Hunton firm had been provided to any lawyer or other employee of the Ferraro firm.

Petitioner also argued that RJR lacked standing to join in PM USA's motion to disqualify because it had no privity with Attorney Lima or the Ferraro firm. RJR countered that its "joint defense" relationship with PM USA conferred standing, and alleged that Attorney Lima had access to RJR's confidential information while he was an associate at the Hunton firm.  In support of its position, RJR cited *State Farm Mutual Automobile Insurance Co. v. K.A.W.*, which recognized that "someone other than the client may request disqualification" where a conflict of interest "is such as clearly to call in question the fair or efficient administration of justice."  575 So. 2d 630, 632 (Fla. 1991) (quoting R. Regulating Fla. Bar 4-1.7 Cmt.).

The trial court held a hearing on the motion to disqualify and concluded that *Caro* required it to grant the motion to disqualify the law firm in this case.  In its written order, the court expressly rejected petitioner's argument that *Caro* no longer controlled because Attorney Lima had left the Ferraro

firm. The court failed to address whether RJR had standing to join in PM USA's motion.

While orders on motions to disqualify are reviewed for abuse of discretion, Florida courts recognize that disqualification of counsel "is an extraordinary remedy and should only be resorted to sparingly." *Manning v. Cooper*, 981 So. 2d 668, 670 (Fla. 4th DCA 2008) (quoting *Alexander v. Tandem Staffing Sols., Inc.*, 881 So. 2d 607, 608 (Fla. 4th DCA 2004)); *see also Vick v. Bailey*, 777 So. 2d 1005, 1007 (Fla. 2d DCA 2000).

Here, the trial judge departed from the essential requirements of law in failing to apply Rule 4-1.10(c) as it is undisputed that Attorney Lima was no longer associated with the Ferraro firm at the time the motion to disqualify was filed. *See Nissan Motor Corp. in U.S.A. v. Orozco*, 595 So. 2d 240, 243 (Fla. 4th DCA 1992) (holding that Rule 4-1.10(c) applies where the lawyer with the purported conflict of interest has terminated an association with the firm sought to be disqualified); *see also Sch. Bd. of Broward Cty. v. Polera Bldg. Corp.*, 722 So. 2d 971, 973 (Fla. 4th DCA 1999). The trial court's erroneous conclusion that *Caro* mandated disqualification likewise led to its failure to make the required findings under Rule 4-1.10(c). *See Polera*, 722 So. 2d at 973 ("Disqualification cases under Rule 4-1.10 require the trial court to make a factual determination of the issues specified in subsections (b) and (c).").

Therefore, we grant the petition for writ of certiorari, quash the order granting disqualification, and return the case to the trial court for further proceedings consistent with this opinion. On remand, the trial court shall also address the issue of whether RJR has standing to join in PM USA's motion to disqualify.

DAMOORGIAN, FORST and KLINGENSMITH, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

4