# First District Court of Appeal
## State of Florida

_____

No. 1D17-1847

_____

Lue Ethel Russ, as personal
representative of the estate of
Roosevelt Sutton,

    Petitioner,

    v.

Philip Morris USA, Inc., and
R.J. Reynolds Tobacco Co.,

    Respondents.

_____

Petition for Writ of Certiorari—Original Jurisdiction

September 5, 2018

Per Curiam.

Lue Ethel Russ petitions for a writ of certiorari, contending the trial court departed from the essential requirements of law when it disqualified the law firm representing her. The suit below is a wrongful death suit against tobacco companies, including the Respondents here: Philip Morris USA, Inc., and R.J. Reynolds. We conclude that the trial court did not disregard any clearly established principle of law, so we deny the petition.

In the trial court, Respondents moved for an order disqualifying the Ferraro Law Firm, which had been representing Russ. The Respondents' motion explained that Paulo Lima, then

an attorney with the Ferraro Firm, previously represented Philip Morris when he worked for Hunton & Williams. Respondents accused Lima of "switching sides" and alleged that his move created a conflict of interest that not only disqualified Lima but also imputed the conflict to the Ferraro Firm. In support, Respondents filed (among other things) copies of Lima's time records from Hunton & Williams and an affidavit from a Hunton & Williams partner who said Lima's work on Philip Morris's *Engle*-progeny cases included review of confidential company materials.

About a year after Respondents filed their motion, the trial court held a hearing on it. By then, the Fourth District had decided *Philip Morris v. Caro*, which also related to a disqualification order directed at Lima and the Ferraro Firm in a tobacco case. 207 So. 3d 944 (Fla. 4th DCA 2016). In *Caro*, on essentially the same facts presented below, the district court concluded that Lima and the firm should have been disqualified. *Id.* at 950-51. Russ argued that *Caro* was distinguishable because when it was decided, Lima remained with the firm. After *Caro* issued—and some four days before the hearing in Russ's case—the Ferraro Firm terminated Lima's employment. Thus, Russ argued, the termination cured the conflict, and Lima's disqualification no longer precluded the firm's representation.

Respondents argued that Lima's termination was too little, too late. According to them, the conflict did not go away "just because you terminate the lawyer that created the imputation problem to begin with." The trial court agreed, concluding that Lima's departure "does not attenuate the taint." The court granted the motion to disqualify Lima and the firm. Russ then filed her certiorari petition.

"Certiorari is the appropriate remedy to review an order granting a motion to disqualify counsel." *Anheuser-Busch Cos., Inc. v. Staples*, 125 So. 3d 309, 311 (Fla. 1st DCA 2013). But we grant certiorari only "when a lower court has departed from the essential requirements of the law," *Williams v. Oken*, 62 So. 3d 1129, 1132 (Fla. 2011), and that means there must be "something more than a simple legal error." *Allstate Ins. Co. v. Kaklamanos*, 843 So. 2d 885, 889 (Fla. 2003). There must be "a violation of a clearly established principle of law resulting in a miscarriage of justice."

2

*Id.* Without any controlling precedent, we cannot grant relief because we could not say the "circuit court violated a clearly established principle of law." *Id.* (alterations omitted) (quoting *Ivey v. Allstate Ins. Co.*, 774 So. 2d 679, 682 (Fla. 2000)).

The issue of the firm's disqualification is complicated, and it does not turn on any clearly established legal principles. Indeed, other courts have disagreed on the merits of Russ's arguments—in cases that involve the same conflicted attorney and the same law firm. For example, in *Canta v. Philip Morris USA, Inc.*, 43 Fla. L. Weekly D55 (Fla. 3d DCA Dec. 27, 2017), the Third District held that the Rules Regulating the Florida Bar only allow formerly conflicted law firms to represent *new* clients after a conflicted attorney leaves a firm, likening "'[u]nimputing' a conflict" to "unringing a bell, unscrambling an omelet, or pushing toothpaste back into the tube." *Id.* But in *Balaban v. Philip Morris USA Inc.*, 240 So. 3d 896, 900 (Fla. 4th DCA 2018) (on rehearing), the Fourth District took a different approach, holding that once the disqualified attorney leaves the firm, the rules allow for continued representation by the formerly conflicted law firm in some circumstances. And in *Caro* itself, the court noted that "the same or similar issues on disqualification have been brought before other circuit and district courts with varying results." 207 So. 3d at 950. As these cases illustrate, there is not yet any clearly established principle of law that would have compelled the trial court to deny the disqualification motion. Accordingly, certiorari relief is unavailable.

DENIED.

BILBREY, WINSOR, and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

James L. Ferraro and Juan P. Bauta, II, of the Ferraro Law Firm, Miami, for Petitioner.

Frances Daphne O'Connor of Arnold & Porter Kaye Scholer, LLP, Washington D.C., and Christopher P. Nease and Connor J. Sears of Shook, Hardy & Bacon, LLP, Kansas City, Missouri, for Respondent Philip Morris USA, Inc.

Charles F. Beall, Jr., of Moore, Hill & Westmoreland, P.A., Pensacola, and Jason T. Burnette of Jones Day, Atlanta, Georgia, for Respondent R.J. Reynolds Tobacco Co.