707 So.2d 1138 (1998)
GROUND IMPROVEMENT TECHNIQUES, INC., Appellant,
v.
MERCHANTS BONDING COMPANY, etc., Appellee.
No. 97-661
District Court of Appeal of Florida, Fifth District.
February 13, 1998.
Rehearing Denied April 7, 1998.
Steven R. Schooley of Holland & Knight, LLP, Orlando, for Appellant.
Bruce C. King of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Miami, for Appellee.
GRIFFIN, Chief Judge.
Ground Improvement Techniques, Inc. ["GIT"] appeals a final order dismissing its complaint for forum non conveniens pursuant to Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla.1996). The lower court's decision to dismiss for forum non conveniens based upon the pleadings and undisputed facts was well within the discretion of the lower court and, accordingly, we affirm.[1] Appellant has, however, *1139 raised a particular objection to the proceedings below that we believe warrants discussion.
The venue issue was brought to the lower court's attention when the appellee, Merchants Bonding Company ["Merchants"] filed a motion to dismiss the complaint for improper venue contending, inter alia, that both the subcontract and surety bond on which Merchants' liability was predicated were issued outside of Florida and performance under the subcontract was to be made outside Florida. The motion was not sworn and no affidavits were filed.
At the hearing on the venue motion, the lower court, sua sponte, raised the Kinney decision, in which the Supreme Court of Florida adopted the federal doctrine of forum non conveniens. Based on counsels' explication of the facts of the case, the court concluded that, under Kinney, the action should be dismissed to be refiled in Colorado where the construction project was located and the parties were already engaged in litigation.
Apparently because the dismissal was without prejudice, GIT amended its complaint to add additional venue allegations. In response, Merchants again filed a motion to dismiss for improper venue and, for reasons known best to itself, did not directly assert the forum non conveniens issue that had caused the court to dismiss the case once already. Merchants' motion to dismiss for improper venue was not sworn to nor were affidavits filed in support. At every opportunity, both during the hearing on the first motion to dismiss and at the hearing on the second motion to dismiss, GIT objected strenuously to the lower court's disturbing the plaintiff's choice of venue in the absence of any sworn motion or affidavits. The court, however, perhaps wishing to avoid yet a third hearing on the same issue, disregarded this procedural nit and again dismissed the case on the basis of forum non conveniens . GIT again raises this procedural issue on appeal.
Merchants' consistent failure to support its motion to dismiss with affidavits is difficult to understand in light of the overwhelming and consistent body of Florida case law requiring this to be done when a forum non conveniens challenge is asserted. On appeal, the only excuse Merchants offers is that no such affidavits are required under Florida Rule of Civil Procedure 1.061. We write to reject this argument and to make clear that a dismissal based on forum non conveniens, if not evident from the allegations appearing on the face of the complaint, must be supported by record evidence, either in the form of affidavits or live testimony.
Based upon the procedural history of this case, the first issue we must consider is whether the lower court can, under Florida Rule of Civil Procedure 1.061, raise the question of forum non conveniens in the absence of a motion by a defendant. It is, by now, clear that a change of venue based on forum non conveniens pursuant to section 47.122, Florida Statutes (1997) can be raised by the court. See, e.g., Government Employees Ins. Co. v. Burns, 672 So.2d 834 (Fla. 3d DCA 1996); Hewitt Contracting Co. v. Joyner Elec., Inc., 616 So.2d 190 (Fla. 5th DCA 1993). It is also clear, however, that a lower court wishing to make a forum non conveniens transfer must provide the parties with appropriate notice and an opportunity to be heard. This is effectively what happened in this case. It is incumbent upon the parties to submit affidavits or other evidence that will shed the necessary light on the issue of the convenience of the parties and witnesses and the interest of justice. Id. at 837 (Cope, J., concurring in part and dissenting in part). Based upon the rationale of the cases interpreting section 47.122, Florida Statutes and the language of the new Rule 1.061, it appears that the procedure to be followed under the forum non conveniens rule is the same as the procedure to be followed under the forum non conveniens statute. To be clear: any defendant seeking dismissal of a suit based upon Rule 1.061 forum non conveniens must support the motion by affidavit or other evidence offered under oath. Similarly, if the issue of Rule 1.061 forum non conveniens is raised by the court, the decision to dismiss must be supported by similar record evidence. The only exception would be where the complaint itself shows on its face that a forum non conveniens transfer is warranted. In the present case, after reviewing all the facts set forth in the amended complaint and the attachments to the complaint, *1140 we find that it is (barely) sufficient to support the forum non conveniens decision.
AFFIRMED.
HARRIS and ANTOON, JJ., concur.
NOTES
[1] Fla. R. Civ. P. 1.061(a)(4).