776 So.2d 1096 (2001)
Frederick W.J. EGGERS, Appellant,
v.
Ellen EGGERS, Appellee.
No. 5D00-999.
District Court of Appeal of Florida, Fifth District.
February 9, 2001.
*1097 Thomas F. Granahan of Thomas F. Granahan, P.A. and Karen E. Guito, Tampa, for Appellant.
Richard S. Fitzpatrick of Fitzpatrick & Fitzpatrick, P.A., Inverness, for Appellee.
COBB, J.
Frederick Eggers seeks review of an interlocutory order which denies his motions to transfer venue and to disqualify attorney. The appellee, Ellen Eggers, sued her son, Frederick, for conversion. Frederick is a resident of Hillsborough County. The action was brought in Citrus County. The complaint does not allege the basis for venue in Citrus County.
Frederick moved to transfer and/or dismiss pursuant to section 47.122, Florida Statues, the forum non conveniens statute. This motion was sworn to by Frederick. Frederick alleged that venue was more appropriate in Hillsborough County where some 19 witnesses reside and that the expense and inconvenience to these witnesses if venue remained in Citrus County would be an undue hardship. Affidavits from some 10 prospective witnesses were attached to the motion. Ellen filed an unsworn response asserting that she is 87 years of age and resides in Citrus County and that it would be an undue hardship on her and her witnesses, all of whom are residents of Citrus County, if they were required to travel to Hillsborough County. Frederick also filed a motion to disqualify Ellen's attorney, Richard Fitzpatrick, claiming he and Fitzpatrick had an attorney-client relationship in the past when Fitzpatrick advised him in connection with his 1991 divorce.
A hearing was held and Frederick and attorney Fitzpatrick were the sole witnesses. Frederick testified that in his 1991 divorce case he found it necessary to consult with Fitzpatrick, who was his mother's attorney, on three occasions concerning his mother's will and monetary gifts in the form of savings accounts she had made to her grandchildren over the years. Fitzpatrick advised Frederick that he could withdraw the money ($60,000-$70,000) and return it to his mother, which Frederick did. Fitzpatrick billed Ellen for his work in this regard and Ellen paid the bill. Frederick has never received a bill from Fitzpatrick nor paid him for any professional services. During closing argument, Frederick's counsel referred to Ellen as living in Tampa "when all these activities took place." No testimony or other evidence to this effect appears of record. The trial court denied both motions.
We reverse the venue ruling. Frederick's motion to transfer/dismiss was filed solely pursuant to section 47.122 which provides:
For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought.
*1098 Frederick did not assert in his motion or at the hearing that Citrus County was an improper venue for this action under the general venue statute, section 47.011, Florida Statutes. A motion to dismiss/transfer venue due to the impropriety of the plaintiff's venue selection is significantly different than a motion to transfer on forum, non conveniens grounds. See PricewaterhouseCoopers LLP v. Cedar Resources, Inc., 761 So.2d 1131 (Fla. 2d DCA 1999). Improper venue can be waived if not timely raised. See Florida Rule of Civil Procedure 1.140(b). Having failed to raise improper venue in his motion below, Frederick cannot raise the issue for the first time on appeal.[1]See Sparta State Bank v. Pape, 477 So.2d 3 (Fla. 5th DCA 1985); Gross v. Franklin, 387 So.2d 1046 (Fla. 3d DCA 1980). Given Frederick's waiver, Citrus County is deemed a legally acceptable venue and the issue on appeal concerns whether the trial court abused its discretion in concluding that Citrus County was the preferable site for litigation of this action. See Hu v. Crockett, 426 So.2d 1275 (Fla. 1st DCA 1983).
Under the forum non conveniens statute, a plaintiff's forum selection is presumptively correct and the burden is on the defendant to show either substantial inconvenience or that undue expense requires change for the convenience of the parties or witnesses. See Government Employees Ins. Co. v. Burns, 672 So.2d 834 (Fla. 3d DCA 1996); Vero v. Vero, 659 So.2d 1348 (Fla. 5th DCA 1995). This court has instructed that when a forum non conveniens challenge is raised, it is incumbent upon the parties to submit affidavits or other evidence that will shed necessary light on the issue of the convenience of the parties and witnesses and the interest of justice. See Ground Improvement Techniques, Inc. v. Merchants Bonding Co., 707 So.2d 1138 (Fla. 5th DCA 1998). See also Hu v. Crockett (pointing out in forum non conveniens challenge that record contained various admissions and a deposition).
Frederick filed a sworn motion to transfer/dismiss and attached affidavits from prospective witnesses indicating they resided in Hillsborough County and that it would be a hardship if they had to travel to Citrus County to testify.[2] Ellen countered with no sworn evidence on the relevant issues. Ellen's unsworn response does not constitute evidence. See Toyota Tsusho America, Inc. v. Crittenden, 732 So.2d 472 (Fla. 5th DCA 1999). The trial court had before it only evidence that the more convenient forum is Hillsborough County. Under these circumstances, it was an abuse of discretion to fail to transfer venue to Hillsborough County under section 47.122.
As to the denial of the motion to disqualify attorney Fitzpatrick, that ruling is reviewable by certiorari. See Double T Corp. v. Jalis Development, Inc., 682 So.2d 1160 (Fla. 5th DCA 1996); Transmark, U.S.A., Inc. v. State, Dep't of Ins., 631 So.2d 1112 (Fla. 1st DCA), rev. denied, 639 So.2d 983 (Fla.1994).[3] Disqualification of a party's chosen counsel is an extraordinary remedy and should be resorted to sparingly. Abamar Housing and Development, Inc. v. Lisa Daly Lady Decor, Inc., 724 *1099 So.2d 572 (Fla. 3d DCA 1998); Lee v. Gadasa Corp., 714 So.2d 610 (Fla. 1st DCA 1998).
Frederick's position is that he established the existence of an attorney-client relationship and that under applicable case law an irrefutable presumption arose that confidences were disclosed.[4]See Russakoff v. Dep't of Ins., 724 So.2d 582 (Fla. 1st DCA 1998); Simon DeBartolo Group, Inc. v. Bratley, 741 So.2d 1254 (Fla. 1st DCA 1999). The only remaining inquiry is whether the former client has shown that the current subject matter is the same or substantially related to the matter in which the attorney represented the former client. Russakoff; Simon DeBartolo.
We find that Frederick's initial premise that he established an attorney-client relationship is weak. Fitzpatrick's client was always Ellen. He advised Frederick on the legal issue of Ellen's monetary gifts to Frederick's children at the request of Ellen. Fitzpatrick's advice was to have the monies returned to Ellen. Frederick paid Fitzpatrick nothing. No agreement for representation was discussed much less reached between Fitzpatrick and Frederick. In this regard, the instant case is distinguishable from our recent decision in Key Largo Restaurant, Inc. v. T.H. Old Town Associates, Ltd., 759 So.2d 690 (Fla. 5th DCA 2000). Unlike here, in that case, the trial court found an attorney-client relationship existed where the attorney had previously represented both parties, albeit briefly. In Key Largo, however, this representation was formally recognized and this court, in affirming an order of disqualification, noted that "The law does not require a long or complicated attorney-client relationship to fulfill the requirements for disqualification." 759 So.2d at 693.
While the existence of a formal retainer agreement is not essential to the finding of an attorney-client relationship, Dean v. Dean, 607 So.2d 494 (Fla. 4th DCA 1992), the trial court here did not find the existence of an attorney-client relationship between Frederick and Fitzpatrick. Even assuming arguendo the existence of such a relationship between Frederick and Fitzpatrick, Frederick failed to demonstrate that the instant litigation involves the same subject matter or is substantially related to the matter in which Fitzpatrick counseled Frederick. The advice Fitzpatrick gave to Frederick in 1991 concerned return to Ellen of monies Ellen had previously gifted to Frederick's children. Frederick testified he returned these monies to his mother. Any claim of conversion by Frederick of Ellen's assets is entirely distinct from this earlier advice. See Bartholomew v. Bartholomew, 611 So.2d 85 (Fla. 2d DCA 1992) (quashing order disqualifying counsel where evidence was insufficient to establish professional relationship between husband and attorney who had represented wife while couple was married and current claim concerning husband's dissipation of marital asset was distinct from assistance provided by attorney years earlier in acquiring said asset).
We hold that the trial court did not depart from the essential requirements of law in denying disqualification. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987). Accordingly, we reverse the portion of the order denying transfer of venue, deny the petition for writ of certiorari, and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
PETERSON and PALMER, JJ., concur.
NOTES
[1] Cases such as Miller v. Southland Ins. Co., Inc., 513 So.2d 800 (Fla. 4th DCA 1987) and Tropicana Products, Inc. v. Shirley, 501 So.2d 1373 (Fla. 2d DCA 1987) relied upon by Frederick for the proposition that where a defendant files a sworn motion and affidavits challenging venue, the burden shifts to the plaintiff to prove its selection of venue is proper, are thus inapplicable.
[2] Ellen claims that these affidavits constitute little more than a laundry list of names and conclusory statements of inconvenience. See R.C. Storage One, Inc. v. Strand Realty, Inc., 714 So.2d 634 (Fla. 4th DCA 1998). However, unlike the affidavits in R.C. Storage, the affidavits here reflect the gist of the relevant knowledge of the witnesses.
[3] This court by order has allowed Frederick to pursue the disqualification issue by petition for writ of certiorari since the jurisdictional requisites for such review were satisfied. See Fla.R.App.P. 9.040(c).
[4] There is no evidence that Fitzpatrick actually obtained any confidential information concerning Frederick which he is now in a position to use on behalf of Ellen. Thus, this is not a situation where Fitzpatrick obtained confidential information and then "switched sides." See Kenn Air Corp. v. Gainesville-Alachua County Regional Airport Authority, 593 So.2d 1219 (Fla. 1st DCA 1992).