818 So.2d 612 (2002)
SAFETY NATIONAL CASUALTY CORPORATION, Appellant,
v.
FLORIDA MUNICIPAL INSURANCE TRUST, et al., Appellees.
No. 5D01-2624.
District Court of Appeal of Florida, Fifth District.
May 17, 2002.
Rehearing Denied June 13, 2002.
Scot E. Samis, of Abbey, Adams, Byelick, Kiernan, Mueller & Lancaster, L.L.P., St. Petersburg, for Appellant.
Lamar D. Oxford, of Dean, Ringers, Morgan & Lawton, P.A., Orlando, for Appellees.
GRIFFIN, J.
This is an appeal from a non-final order denying the defendant below, Safety National Casualty Corporation's ["Safety National"], motion to transfer venue pursuant to section 47.122, the forum non conveniens statute.
Florida Municipal Insurance Trust ["Florida Municipal"] and Florida League of Cities, Inc. ["Florida League"] brought suit against Safety National for breach of contract due to Safety National's failure to pay a claim for excess insurance coverage. Florida Municipal provides self-insurance to members of the Florida League. Safety National provided excess worker's compensation *613 insurance coverage for Florida Municipal.
A request for excess coverage arose from an incident that occurred in March 1987 when Bruce Gilbert ["Gilbert"], an employee of Pinellas Suncoast Transit, which is a member of Florida Municipal, received injuries when he fell exiting a bus. He was found permanently totally disabled and received in excess of $700,000 in benefits.[1]
After Florida Municipal placed Safety National on notice of Gilbert's claim and payment of benefits, Safety National reserved its right to deny coverage based upon untimely notice because it had not been put on notice of the potential excess claim until after the case had been litigated and substantial amounts had already been paid to Gilbert.
Safety National moved to transfer venue on the ground of forum non conveniens,[2] filing the affidavits of four expert witnesses and two attorneys in the prior case who all said that they practiced in Pinellas County and it would be a burden to travel to Orange County.[3] Florida Municipal did not file affidavits but argued the issues to be litigated ought not involve the testimony of the witnesses whose affidavits had been put forth. After hearing arguments, the trial court denied the motion without prejudice, saying the issue could be "reraised at a later time if it is shown that there is a sizable number of witnesses. But at this stage, it doesn't appear that that is inclusively the situation."
A plaintiff's forum selection is presumptively correct. The burden is on the defendant to establish before the trial court that either substantial inconvenience or undue expense requires a change for the convenience of the parties or witnesses. Eggers v. Eggers, 776 So.2d 1096 (Fla. 5th DCA 2001)(citing Vero v. Vero, 659 So.2d 1348 (Fla. 5th DCA 1995)). The plaintiff's choice of venue is significant in assessing the convenience of the parties. Darby v. Atlanta Cas. Ins. Co., 752 So.2d 102 (Fla. 2d DCA 2000). Our standard of review is whether the trial court abused its discretion in denying the motion. Eggers, 776 So.2d at 1097. As appellant points out, however, cases where an appellate court has found an abuse of discretion in failing to make a forum non conveniens venue change are numerous.
There is case law suggesting that where a plaintiff defending a venue choice against a forum non conveniens attack fails to file affidavits to inform the court about the facts mitigating against the forum non conveniens argument, an abuse of discretion in failing to transfer may be found by the reviewing court. Eggers, supra. This case is distinguishable from such cases, however. Here, the issue is not how many witnesses live where and where documents or other evidence are located. Here the issue is essentially a legal one: what evidence is relevant and material to the issues of late notice and prejudice. The trial court rejected appellant's expansive view of the witness pool and concluded that, at this stage, based on what he has been shown, the appellee's *614 choice of venue was not to be disturbed. We find no abuse of discretion.
AFFIRMED.
PETERSON and PLEUS, JJ., concur.
NOTES
[1] It was later discovered that Gilbert lied about his condition. He and his wife pled guilty to fraud and have been ordered to pay restitution.
[2] Florida Municipal has argued that this appeal is premature since the trial court denied the motion without prejudice thus allowing the issue to again be raised. We conclude, however, that we have jurisdiction. See Joseph M. Gersten, P.A. v. Mitrani, 507 So.2d 779 (Fla. 3d DCA 1987).
[3] Safety National is a foreign corporation whose offices are located in St. Louis.