922 So.2d 1077 (2006)
CORINTHIAN COLLEGES, INC., Rhodes Colleges, Inc., and Florida Metropolitan University, Inc., Appellants,
v.
PHILADELPHIA INDEMNITY INSURANCE COMPANY, a foreign corporation, Appellee.
No. 4D05-2200.
District Court of Appeal of Florida, Fourth District.
March 22, 2006.
*1079 Kevin P. Jacobs, Christopher King and Peter W. Homer of Homer & Bonner, P.A., Miami, and Kirk A. Pasich, Cassandra S. Franklin and Daniel H. Rylaarsdam of Dickstein Shapiro Morin & Oshinsky, LLP, Los Angeles, CA, for appellants.
Gary Khutorsky and Karene L. Tygenhof of Stephens, Lynn, Klein, LaCava, Hoffman & Puya, P.A., Miami, for appellee.
PER CURIAM.
This appeal involves a duty to defend case between Appellants, Corinthian Colleges, Inc., Rhodes Colleges, Inc., and Florida Metropolitan University, Inc. (hereinafter colleges), and Appellee, Philadelphia Indemnity Insurance Company (hereinafter insurance company). The insurance company filed a complaint in Broward County seeking declaratory relief. The colleges moved to have the complaint dismissed based on forum non conveniens. The trial court denied the colleges' request and this appeal ensued.
The legal framework under which the trial court was required to analyze this motion is the federal standard which was adopted by the Florida Supreme Court in Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla.1996). The four step analysis includes:
[1] As a prerequisite, the court must establish whether an adequate alternative forum exists which possesses jurisdiction over the whole case. [2] Next, the trial judge must consider all relevant factors of private interest, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice. [3] If the trial judge finds this balance of private interests in equipoise or near equipoise, he must then determine whether or not factors of public interest tip the balance in favor of a trial in [another] forum. [4] If he decides that the balance favors such a ... forum, the trial judge must finally ensure that plaintiffs can reinstate their suit in the alternative forum without undue inconvenience or prejudice.
Ciba-Geigy Ltd., v. Fish Peddler, Inc., 691 So.2d 1111, 1114 (Fla. 4th DCA 1997) (quoting Pain v. United Techs. Corp., 637 F.2d 775 (D.C.Cir.1980)). The colleges had the burden of persuasion as to each of the factors discussed above. See Cardoso v. FPB Bank, 879 So.2d 1247, 1250 (Fla. 3d DCA 2004). The trial court's decision on this issue is reviewed for an abuse of discretion. Ciba-Geigy Ltd., 691 So.2d at 1115.
The colleges argue that the trial court abused its discretion in denying their motion based on various issues, not all of which we address. The insurance company's response is that this is a declaratory action which involves a question of law thereby making the location of witnesses and documents irrelevant. Therefore, the insurance company argues its choice of forum was not an inconvenient one. After reviewing the facts of this case under the applicable legal analysis, we conclude that the trial court did not abuse its discretion in denying the colleges' motion.
There is no question as to the first of the Kinney factors where the colleges had already filed a declaratory action in California seeking the same relief. The second of the Kinney factors is the private interests. See Ciba-Geigy Ltd., 691 So.2d at 1114. These private interests include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; *1080 and all other practical problems that make trial of a case easy, expeditious and inexpensive." Ciba-Geigy Ltd., 691 So.2d at 1117 (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)). The colleges presented evidence regarding the procurement of the policy at issue and how individuals involved in such procurement were headquartered in California. The colleges also pointed to the presence of individuals in California who were involved in the creation of the materials relied upon by the students, an issue in the underlying litigation for which the colleges seek insurance coverage. As the insurance company properly points out, the location of witnesses is not important to this analysis where the dispute involves coverage of an insurance policy. See Safety Nat'l Cas. Corp. v. Fla. Mun. Ins. Trust, 818 So.2d 612 (Fla. 5th DCA 2002). Safety National similarly involved a dispute over insurance coverage. The fifth district determined that where the underlying dispute was essentially a legal one, the location of witnesses and documents was not relevant. A duty to defend, which is at issue in the instant case, is determined from the face of the complaint in the underlying action. State Farm Fire & Cas. Co. v. Tippett, 864 So.2d 31, 33 (Fla. 4th DCA 2003). The colleges raised the issue of possible ambiguity, as well as the possible application of California law allowing for extrinsic evidence. Without a ruling as to either of these issues, the possibility cannot be dispositive in this analysis. Should the court find that the disadvantages and advantages of the alternative forum would not significantly damage or assist the private interests of one party, this factor is said to be in equipoise. Kinney, 674 So.2d at 91. Having determined that the underlying issue involves a legal question not involving the need for many witnesses or other practical problems regarding obtaining evidence in this forum, we conclude that neither party would be significantly undermined or favored by one forum over another. Thus, the private interests in this case are in equipoise.
The record supporting a finding of the second factor in equipoise, we move on to a review of whether the factors of public interest tip this case in favor of one forum over another. Ciba-Geigy, Ltd., 691 So.2d at 1114. In broad terms this factor involves the nexus between the forum and the action so as to justify use of the forum's judicial resources. Kinney, 674 So.2d at 92. This court summarized the considerations of this factor in Ciba-Geigy as:
First, courts can protect their dockets from cases over which they may be able to assert jurisdiction but which lack significant connection to the forum. Second, courts can legitimately encourage the litigation of controversies in the localities in which they arose. And third, a court may validly consider its familiarity with the law which will have to be applied in considering whether to retain jurisdiction over a case.
Ciba-Geigy Ltd., 691 So.2d at 1124 (citing Kinney, 674 So.2d at 92). The colleges argue that the trial court considered tactical legal advantages and disadvantages in each of the forums, and the trial court judge noted the fact that California would allow for a stay of a declaratory action, while in Florida the action would continue. While the trial court judge did mention this issue, there is no clear indication this is what his decision was premised on. However, the record includes three underlying class actions pending in Florida state courts. The coverage question in the instant case has a direct connection to those class actions. This nexus justifies the use of Florida judicial resources. Second, the fact that the class actions, which prompted *1081 this duty to defend case are pending in Florida, supports Florida as a proper forum where it is the locality in which this dispute arose. See Ciba-Geigy Ltd., 691 So.2d at 1124. Last is the consideration of familiarity with the law which will be applied. Id. This factor is not helpful in making a determination where this is a duty to defend case, the law of which presumably both forums are equally familiar with. Because the record provides a sufficient connection between the litigation and the forum, the public factor tips this case in favor of Florida.
Where the private factor was in equipoise and the public factor favors Florida as a forum, we cannot say that the trial court's decision to allow this case to remain in Florida was unreasonable. Thus, there was no abuse of discretion.
Affirmed.
WARNER and HAZOURI, JJ., concur.
KLEIN, J., concurs specially with opinion.
KLEIN, J., concurring specially.
I agree with the majority opinion except for the fact that it has not addressed one of the colleges' primary arguments, which is that the trial court erred in applying the presumption favoring the plaintiff's choice of forum. The colleges cite Ciba-Geigy Ltd. v. Fish Peddler, Inc., 691 So.2d 1111 (Fla. 4th DCA 1997), in which this court explained that there is no reason to give a foreign plaintiff that advantage. In Ciba-Geigy the plaintiffs were Ecuadorian companies suing in Florida for damages arising out of torts which occurred in Ecuador.
In my opinion the trial court properly applied the presumption in favor of the insurer's choice of forum in this case because, even though the insurer issued the policy in California, and is a foreign plaintiff, this is a declaratory action to determine if the insurer has a duty to defend the insureds in Florida tort lawsuits. This is distinguishable from Value Rent-A-Car, Inc. v. Harbert, 720 So.2d 552, 555 (Fla. 4th DCA 1998), in which we held that the presumption against disturbing the plaintiff's initial forum choice does not apply "where a plaintiff has selected a foreign forum which is not convenient to the plaintiff." This forum is convenient to the foreign insurer, because this is where the underlying tort cases are pending, and the presumption was properly applied by the trial court.