PER CURIAM.
Hugh Kunselman and other inmates incarcerated within the Third Judicial Circuit (“Appellants”) filed a complaint in chancery in the Columbia County Circuit Court against “Offices of Governor, the Honorable Rick Scott, et al.” The court sua sponte issued an order transferring the action to the Leon County Circuit Court. The court reasoned that the Appellants had filed a civil complaint against the Governor in his official capacity, and, as such, venue for the action was properly in Leon County where the Governor’s principal headquarters are located.
However, the court transferred the action without giving Appellants notice and an opportunity to respond. As Appellees concede, the court did so in error. See Gov’t Emps. Ins. Co. v. Burns, 672 So.2d 834, 835 (Fla. 3d DCA 1996) (“It is error for a trial court to transfer venue without providing the parties with appropriate notice and an opportunity to be heard.”); Hewitt Contracting Co., Inc. v. Joyner Elec., Inc., 616 So.2d 190, 190 (Fla. 5th DCA 1993) (holding that lower court’s sua sponte venue transfer violated due process because parties did not receive notice of court’s intention prior to the transfer). As such, reversal is required so Appellants may have the opportunity to contest the trial court’s venue transfer. See Hewitt, 616 So.2d at 191 (“On remand a change of venue to Leon County may be proper; however, that issue can be decided only after both parties receive appropriate notice and an opportunity to be heard.”).
REVERSED and REMANDED for further proceedings.
PADOVANO, CLARK and MARSTILLER, JJ., concur.