ORFINGER, J.
Janet M. Hall appeals the trial court’s non-final order granting Animals.com, L.L.C.’s (“Animals”) motion to transfer venue from Lake County based on its determination that Miami-Dade County was the more convenient forum. We reverse.
Animals is an online platform created for animal enthusiasts and promotes goods and services that are “animals-friendly.” Its. principal office and registered agent are located in Miami-Dade County. However, its mailing address is in Lake County, where one of its managing members, Michael Pata, resides. Animals owed Hall $250,000, secured by a pledge of all of its assets, including the Internet domain name “animals.com.” When Animals failed to timely pay, Hall filed suit in Lake County to foreclose her security interest. Animals moved to transfer venue from Lake County to Miami-Dade County, Florida, arguing that neither party had any substantial connection to Lake County and the proper venue was in Miami-Dade County. The motion did not argue forum non conveniens.
At the hearing on the motion, Animals argued, for the first time, that its motion to transfer venue was based on forum non conveniens and sections 47.122 and 47.051, Florida Statutes (2014). It also submitted an affidavit from Mr. Pata, stating that Animals had no connection to Lake County. Hall objected to the presentation of the affidavit and forum non conveniens argument because Animals had not asserted that basis in its motion. The trial court granted Animals’ motion, concluding that Miami-Dade County was the more convenient forum.
When presented with a motion to transfer venue based on the impropriety of the plaintiffs selection, the trial court must resolve any factual disputes and then determine whether the venue selection is legally supportable. Pricewaterhouse-Coopers LLP v. Cedar Res., Inc., 761 So.2d 1131, 1133 (Fla. 2d DCA 1999). We review the trial court’s legal conclusions de novo. Id. However, when a party moves to transfer for the convenience of the parties, and more than one venue is legally acceptable, the trial court’s venue decision will stand absent an abuse of discretion. Id.; RJG Envtl., Inc. v. State Farm Fla. Ins. Co., 62 So.3d 678, 679 (Fla. 2d DCA 2011).
Animals’ motion to dismiss was based upon the impropriety of Hall’s venue selection. However, at the hearing; Animals argued transfer of venue based not only on the impropriety of Hall’s selection, but also the convenience of the parties or witnesses. The trial court transferred venue to Miami-Dade County based only on section 47.122, forum non conveniens. “A motion to dismiss/transfer venue due to the impropriety of the plaintiffs venue selection is significantly different than a motion to transfer on forum non conveniens grounds.” Eggers v. Eggers, 776 So.2d 1096, 1098 (Fla. 5th DCA 2001).
*218 Venue is proper where the defendant resides, or, in the case of a domestic corporation, where the corporation has, or usually keeps, an office for transaction of its customary business; where the cause of action accrued; or where the property in litigation is located. §§ 47.011, 47.051, Fla. Stat. (2014). Where venue is proper in more than one county, the choice of forum rests with a plaintiff and will not lightly be set aside. E.g., McDaniel Reserve Realty Holdings, LLC v. B.S.E. Consultants, Inc., 39 So.3d 504, 508 (Fla. 4th DCA 2010). A party wishing to challenge the plaintiffs chosen selection has “the burden of pleading and proving that the venue is improper.” Inverness Coca-Cola Bottling Co. v. McDaniel, 78 So.2d 100, 102 (Fla.1955). “As a part of this burden, the party contesting venue must demonstrate where the proper venue is.” Merrill Lynch, Pierce, Fenner & Smith, Inc., v. Nat’l Bank of Melbourne & Trust Co., 238 So.2d 665, 667 (Fla. 4th DCA 1970).
While Animals, a corporate defendant, has its principal office and registered agent in Miami-Dade County, based on the documents submitted to the trial court, Lake County was also a proper venue since Animals’ mailing address is in Lake County, its Internet domain address is registered in Lake County, and its periodic reports and financial information reflect a Lake County address. Notwithstanding, the court determined that, for the convenience of the parties and witnesses and in the interest of justice, the action should be transferred to Miami-Dade County. This “issue can be decided only after both parties receive appropriate notice and an opportunity to be heard.” Hewitt Contracting Co. v. Joyner Elec., Inc., 616 So.2d 190, 191 (Fla. 5th DCA 1993); see Kunselman v. Scott, 162 So.3d 243, 243 (Fla. 1st DCA 2015); Ground Improvement Techniques, Inc. v. Merchants Bonding Co., 707 So.2d 1138, 1139 (Fla. 5th DCA 1998); Gov’t Emps. Ins. Co. v. Burns, 672 So.2d 834, 835 (Fla. 3d DCA 1996). Because Animals did not file a motion to transfer based on forum non conveniens, the trial court erred in entertaining this argument without giving Hall advance notice. See Utilicore Corp. v. Bednarsh, 730 So.2d 853, 854 (Fla. 3d DCA 1999) (holding that trial court could not transfer venue based on forum non conveniens where defendants had not filed motion to transfer under section 47.122, nor had court given advance notice that it desired to entertain claim on its own motion).
“[W]hen a forum non conveniens challenge is raised, it is incumbent upon the parties to submit affidavits or other evidence that will shed necessary light on the issue of the convenience of the parties and witnesses and the interest of justice.” Eggers, 776 So.2d at 1098. In order to consider and weigh the convenience of the witnesses under section 47.122, the court must know who the witnesses are and the significance of their testimonies. Brown & Williamson Tobacco Corp. v. Young, 690 So.2d 1377, 1379 (Fla. 1st DCA 1997) (citing Hu v. Crockett, 426 So.2d 1275, 1279 (Fla. 1st DCA 1983)). “The only exception would be where the complaint itself shows on its face that a forum non conveniens transfer is warranted.” Ground Improvement Techniques, Inc., 707 So.2d at 1139; see Cardelles v. Catholic Health Servs., Inc., 14 So .3d 1025, 1027 (Fla. 4th DCA 2009). Here, Hall had no prior opportunity to prepare her argument in opposition or to submit affidavits or other evidence bearing on the issue of whether Miami-Dade County was a more convenient forum.[1] For these reasons, we reverse the *219 order transferring venue to Miami-Dade County and remand for further proceedings. See Hewitt, 616 So.2d at 191 (“On remand a change of venue to Leon County may be proper; however, that issue can be decided only after both parties receive appropriate notice and an opportunity to be heard.”).
REVERSED and REMANDED.
LAWSON, C.J., and EVANDER, J., concur.

. The single affidavit that Animals submitted at the hearing was insufficient to support the *219 trial court’s forum non conveniens decision. Mr. Pata's affidavit did not identify any witnesses or state why Lake County was an inconvenient forum for those witnesses. See Eggers, 776 So.2d at 1098 n. 2 (showing "gist” of relevant knowledge of witnesses is sufficient to support motion to transfer venue); R.C. Storage One, Inc. v. Strand Realty, Inc., 714 So.2d 634, 635 (Fla. 4th DCA 1998) (holding that trial court did not abuse discretion in denying motion to transfer case based on convenience of parties and witnesses as plaintiff's venue choice is presumptively correct and defendant did not meet burden of proving forum non conveniens where it only presented affidavits that were little more than laundry list of witnesses, their places of residence, and conclusory statements of inconvenience for them to travel to another county; affidavits failed to disclose any information as to necessity, relevance, or significance of evidence to be presented by these witnesses). Rather, the affidavit simply concludes that "[i]t will be more convenient to the parties and to the witnesses if the venue of this cause lies in Miami-Dade County, Florida.” At the same time, Mr. Pata, who appears to be Animals’ main witness, lives in Lake County.