DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MIAMI OPEN MRI, LLC,**
Appellant,

v.

**LIBERTY MUTUAL INSURANCE COMPANY,**
Appellee.

No. 4D21-1707

[March 23, 2022]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Terri-Ann Miller, Judge; L.T. Case No. COSO-21-003784.

Chad A. Barr of Chad Barr Law, Altamonte Springs, for appellant.

No appearance for appellee.

WARNER, J.

This appeal arises from a county court's sua sponte dismissal of appellant/plaintiff's case for failure to comply with a court order requiring information regarding venue. We find that the court's order of dismissal was an indirect way of avoiding this Court's opinion in *Advanced Diagnostic Group v. Ocean Harbor Casualty Insurance Company*, 321 So. 3d 772 (Fla. 4th DCA 2021). Because appellant complied with the order, and dismissal was not warranted on the grounds set forth for transfer in section 47.122, Florida Statutes (2021), we reverse.

Appellant, a medical provider, under an assignment of PIP benefits, sued appellee insurance company in Broward County for breach of contract for failing to pay invoices for the treatment of appellee's insured. In the complaint, appellant alleged that the insurance company maintained agents and representatives in Broward County for the transaction of its customary business. Before any answer was filed, the county court issued a sua sponte order to show cause as to why the complaint should not be transferred to another county based on equitable principles. The court required appellant to provide it with the county where medical treatment was rendered, the county where the automobile

accident occurred, the county where the patient resides, and any other information relevant to the court's venue consideration.

Filing a timely response, appellant indicated that the medical services were provided in Miami-Dade County, but the residence of the patient and the place of accident were unknown. Appellant maintained that the information sought by the court was irrelevant to a determination of venue pursuant to section 47.051, Florida Statutes (2021). It explained that venue was proper in Broward County, because the insurance company had agents and representatives to transact its customary business in Broward County.

Appellant also argued that the court's transfer of venue based on "relevant connection" and convenience was not predicated upon a proper showing of the statutory grounds found in section 47.122, Florida Statutes (2021), and case law. Specifically, appellant maintained that the court could not transfer the case pursuant to the "interest of justice" factor in section 47.112 alone, where, here, the sole issue concerned interpretation of an insurance policy. And, because the case revolved around policy interpretation, no witnesses or parties would be substantially inconvenienced nor would they experience undue expense due to the chosen forum of Broward County.

Despite the response, the trial court sua sponte dismissed the case, for "failure to fully comply with the court's order[.]" Appellant appeals the dismissal.

On appeal, appellant argues that it did comply with the court's order, and the court could not transfer or dismiss the case under section 47.122 in any event. Appellee insurance company has not filed a brief. It did, however, file its answer in the trial court, in which it neither contested venue in Broward County nor sought a transfer on equitable grounds.

As appellant did respond to the show cause order with the information that it had in its possession, the trial court's dismissal could not be justified as a sanction, which must be accompanied by a willful refusal to comply with a court order. "[A] dismissal of an action as a sanction for violating an order of the court is error where the court fails to make an express written finding of a party's willful or deliberate refusal to obey a court order." *Cummings v. Warren Henry Motors, Inc.*, 648 So. 2d 1230, 1232 (Fla. 4th DCA 1995) (citations omitted).

Instead, this dismissal appears simply to be an indirect method to avoid the holding of *Advanced Diagnostic Group v. Ocean Harbor Casualty*

2

*Insurance Co.*, 321 So. 3d 772 (Fla. 4th DCA 2021), issued a month prior to the dismissal in this case.  As we stated in *Ocean Harbor*:

> Section 47.122, Florida Statutes (2020), provides that the court can transfer venue "[f]or the convenience of the parties or witnesses or in the interest of justice."  Because the plaintiff's choice of venue is presumed to be correct, transfer is warranted only when the court is presented with evidence "shed[ding] necessary light on the issue of the convenience of the parties and witnesses and the interest of justice."  *Wynn Drywall, Inc. v. Aequicap Program Adm'rs, Inc.*, 953 So. 2d 28, 30 (Fla. 4th DCA 2007) (quoting *Eggers v. Eggers*, 776 So. 2d 1096, 1098 (Fla. 5th DCA 2001)).

*Id.* at 773–74.  The trial court does not have discretion to dismiss or transfer a case, simply because it believes that there is no "relevant connection" to Broward County when the plaintiff's choice is presumptively correct.  This is true in this case and in all the similar cases arising from the Broward County Court on this same issue, particularly where the insurance companies have never contested venue.  *See Dr. Chris Thompson, DC, PA v. Safeco Ins. Co. of Ill.*, 331 So. 3d 214, 215 (Fla. 4th DCA 2022); *Lantana Health Ctr., Inc. v. State Farm Mut. Ins. Co.*, 329 So. 3d 163, 163 (Fla. 4th DCA 2021); *Total Health Assocs., LLC v. GEICO Gen. Ins. Co.*, 329 So. 3d 164, 164 (Fla. 4th DCA 2021); *1 Source Chiropractic & Physical Med. Ctr., Inc. v. Esurance Prop. & Cas. Ins. Co.*, 326 So. 3d 100, 100 (Fla. 4th DCA 2021); *Live Young PLLC v. Allstate Ins. Co.*, 323 So. 3d 213, 215 (Fla. 4th DCA 2021); *Tower Imaging, LLC v. USAA Cas. Ins. Co.*, 321 So. 3d 850, 850 (Fla. 4th DCA 2021); *Total Health Assoc., LLC v. GEICO Gen. Ins. Co.*, 321 So. 3d 850, 851 (Fla. 4th DCA 2021); *Live Young, PLLC v. State Farm Mut. Auto. Ins. Co.*, 321 So. 3d 950, 951 (Fla. 4th DCA 2021); *Indep. Imaging, L.L.C. v. USAA Cas. Ins. Co.*, 322 So. 3d 120, 120–21 (Fla. 4th DCA 2021); *Eric G. Friedman, DC, PA v. Progressive Am. Ins. Co.*, 317 So. 3d 1161, 1161 (Fla. 4th DCA 2021).  We thus reverse the order of dismissal.

*Reversed and remanded for further proceedings.*

LEVINE and KLINGENSMITH, JJ., concur.

*             *             *

**Not final until disposition of timely filed motion for rehearing.**

3