IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

AT HOME AUTO GLASS, LLC A/A/O
ANDRE BRYANT,

      Appellant,

v.
                                    Case No.  5D21-2052
                                    LT Case No. 2021-SC-000970

MENDOTA INSURANCE COMPANY,

      Appellee.
_____/

Opinion filed August 12, 2022

Nonfinal Appeal from the County Court
for Seminole County,
James J. DeKleva, Judge.

Chad A. Barr, of Chad Barr Law,
Altamonte Springs, for Appellant.

Matthew C. Scarborough and Amy
Lee, of Scarborough Attorneys at
Law, Tampa, for Appellee.


LAMBERT, C.J.

      At Home Auto Glass, LLC, a/a/o Andre Bryant ("Glass Company")

appeals the trial court's nonfinal order granting Mendota Insurance

Company's ("Insurer") motion to transfer venue from Seminole County to Alachua County based on *forum non conveniens*. We reverse.

BACKGROUND—

Glass Company filed suit against Insurer in small claims court[1] in Seminole County for breach of contract. It alleged that it had replaced the windshield of Andre Bryant, who was insured by Insurer, and that Bryant assigned to it any benefits to which he was entitled under his insurance policy. Glass Company asserted that it made demand on Insurer for payment owed under the policy but Insurer refused to pay.

Insurer responded to the complaint by filing an unsworn motion to transfer venue to Alachua County. It did not challenge Glass Company's choice of Seminole County as being an improper venue; it was not. *See* § 47.051, Fla. Stat. (2020) ("Actions against foreign corporations doing business in this state shall be brought in a county where such corporation has an agent or other representative . . . ."). Rather, Insurer sought the venue transfer under section 47.122, Florida Statutes (2020), asserting that venue in Alachua County was more convenient. Section 47.122 provides that "[f]or the convenience of the parties or witnesses or in the interest of justice, any

---

[1] The complaint sought damages that exceeded $500 but did not exceed $2500, exclusive of court costs, interest, and attorney's fees.

court of record may transfer any civil action to any other court of record in which it might have been brought." § 47.122, Fla. Stat. (2020).

Insurer argued that it would be inconvenient for its insured, whom it stated was a "key witness," to appear in Seminole County because he resided in Alachua County. Insurer also alleged that its insured's windshield was replaced in Alachua County and that he executed the assignment of benefits document there. No other potential witnesses were mentioned by Insurer in its motion. Insurer also contended that venue should be transferred in the interest of justice to avoid imposing jury duty "on an uninvolved community."

Following a hearing, the trial court granted Insurer's motion on two grounds—the convenience of the witnesses and the interest of justice. First, it found in its written order that the insured was a "key witness" who resides in Alachua County and that this was also where he executed the assignment of benefits and where his windshield was replaced. Second, the court determined that the interest of justice supported the venue transfer so that a jury in Seminole County would not be burdened with a case that had no connection to Seminole County.

3

ANALYSIS—

Under section 47.122, Florida Statutes, a plaintiff's forum selection is presumptively correct. *Eggers v. Eggers*, 776 So. 2d 1096, 1098 (Fla. 5th DCA 2001). Resultingly, a party, such as Insurer, seeking to transfer venue has the burden of proof to establish the basis under this statute for the transfer. *See Vero v. Vero*, 659 So. 2d 1348, 1349 (Fla. 5th DCA 1995). To that end, our court has made clear that "[w]hen a *forum non conveniens* challenge is raised, it is incumbent upon the parties to submit affidavits or other evidence that will shed necessary light on the issue of the convenience of the parties and witnesses and the interest of justice." *Hall v. Animals.com, L.L.C.*, 171 So. 3d 216, 218 (Fla. 5th DCA 2015) (quoting *Eggers*, 776 So. 2d at 1098). Glass Company argues that Insurer failed to meet this burden required by our precedent.

We agree. Insurer's motion to transfer was unsworn; it presented no evidence by way of affidavits, depositions, or live testimony at the hearing, nor did it file any pre-hearing affidavits or sworn evidence in support of its motion.[2] In contrast, Glass Company filed an affidavit in opposition to the

---

[2] There was also no stipulation that counsel's unsworn statements or arguments made at the hearing should be considered as fact. *See Johnson v. Johnson*, 288 So. 3d 745, 749 (Fla. 2d DCA 2019) ("Ordinarily, 'in the absence of a stipulation, a trial court cannot make a factual determination based on an attorney's unsworn statements. A trial court, as well as this

4

motion to transfer venue from its managing partner. The affiant averred that the disputed issue between the parties pertained to the general pricing charged by Glass Company for auto glass replacement services compared to the amount that Insurer would pay for such service. The affiant explained that Glass Company would not be relying on layperson testimony and that its corporate representative witnesses and possible expert witnesses would not be inconvenienced by the litigation remaining in Seminole County.

Admittedly, Glass Company did not contest that it replaced the windshield in Alachua County or that the insured executed the assignment of benefits there. It argues, though, that Insurer provided no explanation as to how these two uncontested matters were significant to the litigation such that the insured's testimony would be necessary at trial. *See R.C. Storage One, Inc. v. Strand Realty, Inc.,* 714 So. 2d 634, 636 (Fla. 4th DCA 1998) ("Indeed, certain listed 'witnesses' may have information relevant only to uncontested matters, and it may be unnecessary for them to attend the trial or have any significant involvement in the litigation."); *Brown & Williamson Tobacco Corp. v. Young*, 690 So. 2d 1377, 1379 (Fla. 1st DCA 1997) ("[I]n order for a court to consider the convenience of the witnesses [under section

court, is also precluded from considering as fact unproven statements documented only by an attorney.'" (quoting *Blimpie Cap. Venture, Inc. v. Palms Plaza Partners, Ltd.*, 636 So. 2d 838, 840 (Fla. 2d DCA 1994))).

5

47.122], the court must know who the witnesses are and the significance of their testimony.").[3] We again agree with Glass Company.

Lastly, Insurer submitted no affidavit or other evidence that its insured still resides in Alachua County; nor did it show, at all, how he would be inconvenienced if venue remained in Seminole County. *See R.J. Reynolds Tobacco Co. v. Mooney*, 147 So. 3d 42, 46 (Fla. 3d DCA 2014) (holding that if "venue is proper in more than one place, a plaintiff has the privilege of selecting which venue is most favorable to it for any reason" and that the plaintiff's "selection will not be disturbed absent **evidence** that the chosen venue is either not proper in the place selected or substantially inconvenient to the witnesses or parties").

Accordingly, absent evidence from Insurer that its one witness identified in its motion would be inconvenienced by venue of this case remaining in Seminole County, or how his testimony would be required other

---

[3] The only exception to the requirement that the movant must demonstrate to the court who the witnesses are and the significance of their testimony is where the face of the complaint itself shows that a *forum non conveniens* transfer is warranted. *See Ground Improvement Techs., Inc. v. Merchs. Bonding Co.*, 707 So. 2d 1138, 1139 (Fla. 5th DCA 1998). Insurer did not raise this argument in his motion. To the extent the trial court's venue transfer is based on this exception, our review of its legal conclusion is de novo, *see Hartford Fire Ins. v. Smith*, 203 So. 3d 1013, 1015–16 (Fla. 4th DCA 2016), and we find that this exception does not support the transfer of venue.

than regarding the uncontested matters previously mentioned, we hold that the trial court abused its discretion in transferring venue for the convenience of the witnesses. *See Cohen v. Scarnato*, 270 So. 3d 410, 412 (Fla. 4th DCA 2019) (providing that an order transferring venue under section 47.122 is generally reviewed for an abuse of discretion).

Glass Company next argues that, absent the venue transfer being necessary for the convenience of the witnesses, it is an abuse of discretion to transfer venue under section 47.122 solely for the interest of justice. In support of its argument, Glass Company relies heavily on the Fourth District Court's recent decision in *Advanced Diagnostic Group v. Ocean Harbor Casualty Insurance*, 321 So. 3d 772 (Fla. 4th DCA 2021). In reversing a trial court's order transferring venue based solely on the interest of justice, the Fourth District wrote:

> A court's desire to conserve judicial and jury resources (or to reduce its own docket for judicial convenience), standing alone, is not a proper ground to transfer venue under section 47.122, Florida Statutes (2020). *See R.J. Reynolds Tobacco Co. v. Mooney*, 147 So. 3d 42, 45 (Fla. 3d DCA 2014) (reiterating "that the court's concerns about preserving judicial resources does not, by itself, constitute a valid reason for disturbing the plaintiff's forum choice"); *Gov't Emps. Ins. Co. v. Burns*, 672 So. 2d 834, 836 (Fla. 3d DCA 1996) ("We recognize the trial court's concerns in attempting to control its docket and to preserve judicial resources. However, these concerns do not constitute a valid reason for

7

transfer. A trial court should not be allowed to assume an adversarial role on the issue of convenience."); *Ashland Oil, Inc. v. Fla. Dep't of Transp.*, 352 So. 2d 567, 569 (Fla. 2d DCA 1977) ("No decision has come to our attention which approves the convenience of the courts as the sole basis for change of venue that is otherwise properly selected by the plaintiff. We are not inclined, nor do we believe the legislature intended, to extend statutory forum of convenience to such considerations.").

*Id.* at 774.

Although we, like our sister courts, question whether a trial court's desire to control its own docket, standing alone, and in the face of a plaintiff's otherwise proper venue choice, can support a transfer of venue under section 47.122, we find it unnecessary to directly answer this question. Here, the primary reason given by the trial court in its written order was that the venue transfer was necessary to avoid burdening a Seminole County jury with a case lacking connection to the county. Glass Company made no demand for a jury trial in its small claims suit; thus, this basis for the ruling lacked record support. Further, Insurer failed to separately meet its burden, either by affidavit or other competent record evidence, to show how the interest of justice would otherwise be served by a venue transfer. *See Hall*, 171 So. 3d at 218.

8

For these reasons, the order transferring venue to Alachua County is reversed, and this case is remanded for further proceedings.

REVERSED and REMANDED.

EVANDER and EDWARDS, JJ., concur.