# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

MARK P. STOPA,

Appellant/Cross-Appellee,

v.

PETER R. McGRATH and PETER R. McGRATH, P.A.,

Appellees,

and

KEVIN C. CANNON,

Appellee/Cross-Appellant.

No. 2D22-4162

_____

November 15, 2023

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Pinellas County; Patricia A. Muscarella, Judge.

Mark P. Stopa, pro se.

Peter R. McGrath, pro se, and for Appellee Peter R. McGrath, P.A., and Appellee/Cross-Appellant Kevin C. Cannon.

MORRIS, Judge.

Mark Stopa appeals a portion of the trial court's order in his action to reestablish a private paper and for damages for civil theft, breach of contract, fraudulent misrepresentation, and punitive damages as against

appellee Kevin C. Cannon, as well as damages for civil theft, fraudulent misrepresentation, and punitive damages as against appellees Peter R. McGrath (McGrath) and Peter R. McGrath, P.A. (McGrath P.A.). The basis for the claims arose out of a real estate investment venture between Cannon and Stopa. The portion of the order that he appeals transferred venue of the action from the Sixth Judicial Circuit in and for Pinellas County, Florida, to the Ninth Judicial Circuit in and for Orange County, Florida.

Cannon cross-appeals the portion of the trial court's order deeming service of process to be waived as to Cannon due to Cannon's failure to challenge the trial court's exercise of personal jurisdiction over him prior to him sending a letter to two circuit court judges below. The trial court determined that because the letter contained a general denial of allegations made in Stopa's complaint, it should be treated as a waiver of service of process.

Because the trial court sua sponte transferred venue of the action based on forum non conveniens pursuant to section 47.122, Florida Statutes (2020), without first providing the parties with notice and an opportunity to be heard, we reverse that portion of the trial court's order as explained herein. We affirm the portion of the trial court's order determining service of process to be waived as to Cannon without further comment.

FACTS

Only a brief recitation of relevant facts is necessary to this appeal. Stopa and Cannon had a business relationship. Stopa alleged in his complaint that (1) he gave money to Cannon to assist him in the purchase of a parcel of property in Pinellas County; (2) the parties' relationship became strained sometime thereafter, and Stopa asked for

2

his money back; (3) Cannon refused to give the money back but assured Stopa that he intended to sell the property and would repay Stopa out of the sales proceeds; (4) Cannon acquired the property and subsequently entered into a contract for its sale; (5) Stopa asked the closing agent to pay him, out of the closing proceeds, the money that he had paid on Cannon's behalf; (6) the closing agent told Stopa that the filing of a lien was unnecessary because Stopa would be repaid out of the closing proceeds; and (7) after the sale, the portion of the sales proceeds belonging to Stopa were put into McGrath P.A.'s trust account and were therefore under the exclusive control of McGrath.

Stopa alleged that McGrath subsequently failed to pay Stopa the money that he was due, instead telling Stopa that the money would remain in McGrath P.A.'s trust account until the parties litigated their dispute over the money. Stopa alleged that contrary to that representation, McGrath disbursed the money to Cannon without notifying Stopa. Stopa alleged that Cannon then hired McGrath to file suit against Stopa wherein Cannon challenged the existence of a contract between the parties related to the money that Stopa paid to Cannon. Cannon also sought to recoup monies that Stopa allegedly had earned when Stopa, who previously practiced law, represented Cannon and his various businesses in lawsuits across the state.

Stopa then filed his complaint against Cannon, McGrath, and McGrath P.A., wherein he sought to reestablish a lost instrument, i.e., a purported written fee agreement between Stopa and Cannon. Stopa also sought damages for civil theft as to all of the defendants, for breach of contract as to Cannon, for fraudulent misrepresentation as to all of the defendants, and for punitive damages as to all of the defendants.

3

McGrath and McGrath P.A. filed a motion to transfer venue, citing section 47.011, and arguing that venue was proper in Orange County and not in Pinellas County because McGrath resided in Orange County, the law firm was located there, and the causes of action accrued there. No other statute was cited in the motion, nor did McGrath and McGrath P.A. argue that venue should be transferred pursuant to forum non conveniens as set forth in section 47.122. Stopa filed a response and memorandum of law, arguing that venue was proper in Pinellas County.

Eventually, a hearing was set for a case management conference on December 15, 2022. There was nothing in the notice for that hearing indicating that the trial court would be adjudicating the issue of a venue change based on forum non conveniens.

A week before the scheduled hearing, the trial court entered the order on review. The trial court denied McGrath and McGrath P.A.'s motion to transfer venue based on section 47.011, noting that venue was proper in Pinellas County. However, the trial court then sua sponte transferred venue from Pinellas County to Orange County based on forum non conveniens, explaining that section 47.122 permits a change of venue "for the convenience of the parties or witnesses or in the interest of justice." The court explained that all of the defendants resided in Orange County, the defendants' two anticipated witnesses resided in Orange County, and many of Stopa's claims involved actions which occurred in Orange County.

ANALYSIS

Section 47.122 permits a trial court to transfer a civil action to any other court wherein it could have been brought based on "the convenience of the parties or witnesses or in the interest of justice." "A trial court may *sua sponte* raise the question of whether venue should be

4

transferred to another county under section 47.122 for the convenience of parties or witnesses or in the interest of justice." *McDaniel Rsrv. Realty Holdings, LLC v. B.S.E. Consultants, Inc.*, 39 So. 3d 504, 511 (Fla. 4th DCA 2010); *see also Ground Improvement Techs., Inc. v. Merchs. Bonding Co.*, 707 So. 2d 1138, 1139 (Fla. 5th DCA 1998); *Gov't Emps. Ins. Co. v. Burns*, 672 So. 2d 834, 838 (Fla. 3d DCA 1996). "However, the 'issue can be decided only after both parties receive appropriate notice and an opportunity to be heard.' " *McDaniel Rsrv. Realty Holdings, LLC*, 39 So. 3d at 511 (quoting *Hewitt Contracting Co. v. Joyner Elec., Inc.*, 616 So. 2d 190, 191 (Fla. 5th DCA 1993)); *see also Ground Improvement Techs., Inc.*, 707 So. 2d at 1139 ("[A] lower court wishing to make a *forum non conveniens* transfer must provide the parties with appropriate notice and an opportunity to be heard."). "[O]rdering a change of venue without notice is a denial of due process." *Singer v. Singer*, 278 So. 3d 79, 80-81 (Fla. 4th DCA 2019); *see also J.L.S. v. R.J.L.*, 708 So. 2d 293, 294 (Fla. 2d DCA 1998) (holding that order transferring venue had to be reversed because the appellant was deprived of due process when the trial court entered the order without providing notice or an opportunity to be heard). This is so even where a party seeks to challenge venue on some other basis. *See, e.g., Hall v. Animals.com, L.L.C.*, 171 So. 3d 216, 217-18 (Fla. 5th DCA 2015) (holding that where appellee filed a motion to transfer venue based on a substantial connection to one county but failed to argue forum non conveniens in its motion, "the trial court erred in entertaining this argument [made for the first time at the motion hearing] without giving [the appellant] advance notice"); *McDaniel Rsrv. Realty Holdings, LLC*, 39 So. 3d at 507, 511 (explaining that where the defendant filed a motion to transfer venue based on improper venue selection but failed to assert forum non conveniens pursuant to section

5

47.122, "the trial court erred in entertaining such a claim on its own motion without giving the plaintiff advance notice"); *cf. Utilicore Corp. v. Bednarsh,* 730 So. 2d 853, 854 (Fla. 3d DCA 1999) (explaining that where the defendants had not filed a motion to transfer venue based on forum non conveniens and where the trial court had not given advance notice that it would entertain such a claim sua sponte, the trial court erred in granting the defendants' motion to abate for improper venue).

Notice and an opportunity to be heard are crucial to a venue determination based on forum non conveniens because when that issue is raised, "it is incumbent upon the parties to submit affidavits or other evidence that will shed necessary light on the issue of the convenience of the parties and witnesses and the interest of justice." *Hall,* 171 So. 3d at 218 (quoting *Eggers v. Eggers,* 776 So. 2d 1096, 1098 (Fla. 5th DCA 2011)). "In order to consider and weigh the convenience of the witnesses under section 47.122, the court must know who the witnesses are and the significance of their testimonies." *Id.* (citing *Brown & Williamson Tobacco Corp. v. Young,* 690 So. 2d 1377, 1379 (Fla. 1st DCA 1997)). "The only exception would be where the complaint itself shows on its face that a *forum non conveniens* transfer is warranted." *Id.* (quoting *Ground Improvement Techs., Inc.,* 707 So. 2d at 1139). There is no indication from the face of the complaint here that the trial court could decide the issue of forum non conveniens without considering affidavits or other evidence relating to the convenience of the parties and witnesses and the interest of justice. Consequently, the trial court erred by sua sponte transferring venue based on forum non conveniens without providing the parties with notice and an opportunity to be heard on that issue.

Reversed in part, affirmed in part, and remanded.

6

KELLY and ATKINSON, JJ., Concur.

———————————————

Opinion subject to revision prior to official publication.